*new*

STATE OF OKLAHOMA
Commanche County
FILED in the
Office of the Court Clerk

JUN 20 2018

By _____
Deputy

# IN THE DISTRICT COURT OF COMMANCHE COUNTY
## STATE OF OKLAHOMA

FLOYD MARKHAM JR.,
Plaintiff,

    vs.

HECTOR A. RIOS JR.,
CHRISTINA THOMAS,
HARLESS, VICKI,D.D.A.,
JOE ALLBAUGH,
JOHN DOE,(DIVISION MANAGER
WEST INSTITUTIONS); JOHN DOE,
(CONTRACT MONITOR) , JOHN DOE
(MEDICAL MONITOR); DAVID
CINCOTTA, et al.,
Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CJ-2018-414

**Oklahoma Governmental Tort
Claims Act, pursuant to Title
51 O.S. sec. 151 et seq.; Civil
Rights Action, pursuant to 42
U.S.C. sec. 1983**

### Petition

Comes Now the Plaintiff, Floyd Markham Jr., and alleges to the Court as Follows:

1. The Plaintiff, **Floyd Markham Jr.,** is an inmate confined in the penal facility (Lawton
   Correctional Facility) located at 8607 S.E. Flowermound Road, Lawton, Oklahoma
   73501.

2. The Plaintiff is a resident of the State of Oklahoma and has been for 57 years.

3. (a) The Defendant, **Hector A. Rios Jr.**, is employed as Warden of the Lawton Correctional
   Facility. The Defendants employment address is, 8607 S.E. Flowermound Road,
   Lawton, Oklahoma 73501. At the time the claims alleged in this complaint arose,
   this Defendant was acting under color of state law, while discharging the duties of
   the Warden of the Lawton Correctional Facility during the events described in this
   complaint. He is sued in his individual capacity.

   (b). The Defendant, **Christina Thomas,** is employed as Correctional Health Service Administrator
   at the Lawton Correctional Facility. The Defendants employment mailing address is: 8607
   S.E. Flowermound Road, Lawton, Oklahoma 73501.

# Exhibit 2

Defendant Thomas was acting under color of state law at the time the claims alleged in this complaint arose. Defendant Thomas was the Reviewing Authority for the facility Offender Grievance Process. She is being sued in her individual capacity.

(c). The Defendant, **Harless, D.D.A.**, is employed as a nurse at the Lawton Correctional Facility. Defendant Harless was acting under color of State law at the time the claims alleged in this complaint arose. Defendant Harless was the nurse in charge of scheduling medical/dental appointments at the Lawton Correctional Facility. She is being sued in her individual capacity.

(d). The Defendant, **Joe Allbaugh,** is employed by the State of Oklahoma as the Director of the Oklahoma Department of Corrections. The Defendants employment mailing address is: P.O. Box 11400, Oklahoma City, Oklahoma 73136-0400. Defendant Allbaugh was acting under color of state law at the time the claims alleged in this complaint arose. Defendant Allbaugh is the contract holder, policy maker, and ultimate authority for the Oklahoma Department of Corrections. Defendant Allbaugh's employment address is: 3400 N Martin Luther King Avenue, P.O. Box 11400, Oklahoma City, Oklahoma 73136-0400. At the time the claims alleged in this complaint arose, this Defendant was acting under color of state law, as the Director of the Oklahoma Department of Corrections.
He is being sued in his official and individual capacities.

(e). The Defendant, **John Doe,** is employed as the **contract monitor** for the Oklahoma Department of Corrections, being stationed at the Lawton Correctional Facility as liaison. Defendant Doe's employment mailing address is: 8607 S.E. Flowermound Road, Lawton, Oklahoma 73501. At the time the claims alleged in this complaint arose, this Defendant was acting under color of state law, as the onsite contract monitor at the Lawton Correctional Facility, being charged with ensuring L.C.F. compliance with Oklahoma Department of Corrections Policies, Procedures, Regulations, Contract terms and law, during the events described in this complaint.

# Exhibit 2

He is being sued in his individual capacity.

(f) The Defendant **John Doe,** (Medical Monitor) is employed by the Oklahoma Department
of Corrections as the **medical monitor**, to serve as the official liaison between the agency
and the private prison contractor/operator on all matters pertaining to the operation and
management of ... dental care for inmates who are housed in private prisons. Defendant
Doe (Medical monitor) employment mailing address is: 8607 S.E. Flowermound Rd.,
Lawton, Oklahoma, 73501. At the time the claims alleged in this complaint arose, this
defendant was acting under color of state law as the onsite medical monitor with the
responsibilities as set out above. Defendant Doe (medical monitor) is being sued in his/her
individual capacity.

(g) Defendant **John/Jane Doe, (Division manager of west institutions)**, is employed by the
Oklahoma Department of Corrections as the Division manager of west institutions responsible
for ensuring that private prison contractor/operators are in compliance with Oklahoma Depart-
ment of Corrections Policies and Procedures through strict adherence to ODOC Policies and
Oklahoma State Statutes. Defendant Doe (Division manager of west institutions) employment
address is: 8607 S.E. Flowermound Rd., Lawton, Oklahoma, 73501. At the time the claims
alleged in this complaint arose, this defendant was acting under color of state law as the division
manager of west institutions with the responsibilities as stated above. He/She is being sued in
his/her individual capacity.

(h) Defendant **David Cincotta**, is employed as the General Counsel for the Oklahoma Department
of Corrections. Defendant Cincotta's employment address is 3400 North Martin Luther King
Ave., P.O. Box 11400, Oklahoma City, Oklahoma, 73136-0400. At the time the claims allegedly
in this complaint arose, this defendant was acting under color of state law as the legal adviser
and counsel for the Oklahoma Department of Corrections. He is being sued in his individual
capacity.



Plaintiff listed some defendant's as Doe, due to the inability to obtain the identities thereof through the normal process, thereby requiring Oklahoma Department of Corrections and Lawton Correctional Facility Officials to provide said identities for said officials serving in the listed capacities during the times and dates in question.

4. The claims as alleged and presented herein are cognizable as pursuant to **Title 51 O.S. sec. 151** et seq., titled the, "Oklahoma Governmental Tort Claims Act", and Title **42 U.S.C. sec. 1983,** titled," Civil action for deprivation of rights"

**Title 51 O.S. 2011, sec. 153 A**., provides,

> "The state or a political subdivision shall be liable for loss resulting
> from its torts or the torts of its employees acting within the scope of their
> employment subject to the limitations and exceptions specified in the
> Governmental Tort Claims act and only where the state or political sub-
> division, if a private person or entity, would be liable for money damages
> under the laws of this state."

**Title 42 U.S.C. sec. 1983,** provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any state or territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and law, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress..."

5. Jurisdiction of this Court is invoked pursuant to **51 O.S. sec. 163**, of the Oklahoma Governmental Tort Claims Act, Venue. (A) which states,

> "Venue for action against the State within the scope of this act shall be either the
> County in which the cause of action arose or Oklahoma County..."

# Exhibit 2

The District Court for Commanche County is the proper venue for claims brought by prisoners alleging a violation of state law committed by state officials in the County of Commanche in which Plaintiff is currently confined, where said violations occurred.

("claim against officials in prison in one district and central correctional offices in another district could be filed in either district") **Arnold v. Maynard,** 942 f.2d 761, 162 n.2 (10ᵗʰ Cir. 1991); ("In determining venue in a tort action, the place where the injury occurred is a relevant factor") **Myers v. Bennett Law Offices,** 238 F.3d 1068, 1076 (9ᵗʰ Cir. 2001); ("transfer of a prisoners case to the district in which claims allegedly arose proper.") **Balawajder v. Scott,** 160 F.3d 1066, 1067 (5ᵗʰ Cir. 1998). Jurisdiction is also inferred upon this court to hear and adjudicate the federal claims presented herein through **Article VI , cl. 2,** of the United States Constitution.

6.

### Facts of the Case

On 5-09-2016, Plaintiff submitted a request for health/dental services to the medical department at the Lawton Correctional Facility, requesting immediate dental care due to plaintiff suffering from the effects of a broken molar which was accompanied by several aggravating symptoms, i.e., pain, extreme discomfort while attempting to eat, swelling, and periodic infection. After a significant elapse of time with no response from the medical department, plaintiff followed up with several additional requests for the same. Plaintiff then contacted the Oklahoma Disability Law Center (Ms. Joy Turner) and forwarded copies of all requests for health/dental services to her, in which Ms. Turner then contacted Mr. David Cincotta at the Oklahoma Department of Corrections by fax regarding said matter which also received no response. (See Ex. #__A__ )

On 4-17-17, plaintiff again submitted a request for dental services regarding the same issue as complained of above, receiving a response stating, "On list.", "Can you describe your symptoms and location?" (see Ex.# B )

**Exhibit 2**

On 5-26-2017, Plaintiff again submitted a Request for dental services regarding the very same issue as complained of above, this time receiving a response which merely stated, "Scheduled." (see Ex.# **C** ) Plaintiff, thereafter waiting in excess of (45) forty-five days following the 5-26-17 "response", initiated the administrative remedy process. (see Ex. # **E** )

On 7-13-17, plaintiff was then officially scheduled for an appointment to receive dental treatment. (see Ex.# **F** )

On 7-21-17, plaintiff received the response/decision to his grievance, in which the Reviewing Authority granted partial relief. (see Ex.# **G** )

As a result of the above demonstrated and significant deprivations, Plaintiff has suffered in excess of a year of wanton infliction of (pain) cruel and unusual punishment and deliberate indifference to his medical needs by prison officials of the Oklahoma Department of Corrections and the Lawton Correctional Facility, all committed in violation of the United States and State of Oklahoma Constitutions and supporting laws.

7. Plaintiff alleged that his constitutional rights to the prohibition of the infliction of Cruel and unusual Punishment were violated while prison officials acted with deliberate indifference to plaintiffs medical needs, all committed in violation of the Eighth Amendment to the United States Constitution, Article 2, section 9 of the Oklahoma Constitution, and all state and federal laws derivative therefrom being made applicable to the states through the 14th Amendment.

Plaintiff alleges that the above said denial of medical/dental treatment constitutes medical malpractice.

Plaintiff alleges that the private contractors (Lawton Correctional Facility) failure to provide plaintiff with adequate dental/health care did not satisfy the terms of the contract agreement between

# Exhibit 2

the provider and the State of Oklahoma, thereby breaching the contract requiring third party beneficiary to receive a service as stipulated to and provided for in the contractual agreement and statutory law of the state of Oklahoma.

### 8th AMENDMENT CLAIMS

When Plaintiff submitted his request for health/dental services on 5-09-16, **Defendant Harless** failed to adhere to Department of Corrections and Lawton Correctional Facility policy (requiring a physical assessment of the offender within twenty-four (24) hours of receiving the request for services), thereby, knowingly and willfully causing a lengthly delay in treating plaintiff which constitutes a wanton infliction of pain, and deliberate indifference to plaintiff's medical needs, in violation of the 8th Amendment to the United States Constitution made applicable to the states through the 14th Amendment, and Article 2, section 9 of the Oklahoma Constitution.

**Defendant Thomas**, was the Correctional Health Services Administrator at the Lawton Correctional Facility, who had the duties of the Facility Reviewing Authority for issues relating to medical/health services.  When Defendant Thomas became aware of underlying issue (through the Offender Grievance Process initiate on 7-12-17), Defendant Thomas provided her response thereto on 7-21-17, a full nine (9) days after receiving the grievance **#17-545,** further upholding the actions of Defendant Harless and claiming plaintiff was receiving lawful and appropriate dental/health treatment.

**Defendant Harless, D.D.A**., was the nurse in charge of scheduling dental/medical appoints during the time in question.  Defendant Harless failed to follow policy requiring medical staff to perform an examination promptly within one working day of receipt of the "Request for Health Services" indicating an urgent condition.  As the initial request for dental services being submitted on 5-9-16, the actual appointment for treatment was not scheduled until 7-13-17, a full year and two months later.  See **OP-140124, 1.E.7..8.,**

7. "Dental emergencies constitute acute medical conditions involving the oral cavity that exhibit an abrupt onset of symptoms that may endanger the inmates health if not treated immediately.  Symptoms may include, but are not limited to:

**Exhibit 2**

    a. Pain;

    b. Swelling;

    c. Infection

8. " The examination will be within one working day of receipt of the "Request for Health Services" form (**DOC 140117A**) indicating an urgent condition as defined in Section 1.E. item 7. of this procedure."

As clearly stated above, DOC and LCF Policy requires facility medical personnel to assess the inmates medical condition within one working day when it is indicated on the Request for Health Services, that the problem is of an urgent nature. As the record reflects, none of this protocol was followed, which constitutes a deliberate indifference to the medical needs of plaintiff; medical malpractice and cruel and unusual punishment, all committed in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article 2 section 9 of the Oklahoma Constitution.

**Defendant Rios**, is the Warden at the Lawton Correctional Facility, who has the ultimate authority to cause a remedy to any issue arising under his jurisdiction at his facility. As Per OP-090124, all medical grievances are handled by the Correctional Health Services Administrator in which a copy is then forwarded to the warden for review. Defendant Rios has the legal responsibility to ensure that his staff complies with DOC and LCF policies and law. When Defendant Rios received his copy of Grievance **#17-545**, he should have caused an investigation into the matter in an attempt to remedy and prevent any possible further litigation or injury. Instead, Defendant Rios was deliberately indifferent to situation.

**Defendant Doe,** was the DOC onsite **Contract Monitor**, who's duties are to ensure LCF compliance with ODOC Policies, Procedures, Regulations, Contract terms and State and Federal laws. Defendant Doe is subordinate to the Division manager of west institutions and report directly thereto. Defendant Doe, was and continues to be assigned as an onsite liaison for the Oklahoma Department of Corrections. In this instant case, Defendant Doe failed to enforce ODOC Policies for the effective monitoring practices to ensure LCF compliance with ODOC Policies, Procedures, Reg-ulations, Contract terms and State and Federal laws when he/she failed to ensure LCF medical personnel were providing adequate medical/dental services to the ODOC inmates contracted into



**Exhibit 2**

their care.

**Defendant Doe**, was the onsite **Medical Monitor**, who's duties are to serve as the officially liaison between the agency and the private prison contractor/operator on all matters pertaining to to the operation and management of medical, dental...care for inmates who are housed in private prisons... In this instant case Defendant Doe(medical monitor) failed to perform his/her duties and coordinate with the division manager of west institutions and chief medical officer as required by policies and procedures, thereby enabling the private prison contractor/operator to breach the contract and deprive plaintiff of his rights derived therefrom.

**Defendant Allbaugh**, is the Director of the Oklahoma Department of Corrections, who is the principal contractor with G.E.O. Group, Inc., responsible for strict compliance with any and all contracts entered into with any contract/outsourcing facilities on behalf of the Oklahoma Department of Corrections regarding inmates being provided with health care in compliance with **Title 63 O.S. section 3101.2,** and **57 O.S. sections 561-3** and **563.1-2.**

**Defendant Doe**, is the **Division manager of West institutions** for the Oklahoma Department of Corrections , responsible for monitoring compliance with standards to include appropriate dental, inter alia, and ensuringcontract compliance with all applicable laws and standards are met.  This defendant's failure to strictly perform the duties required by ODOC Policies and Procedures for monitoring the above, enabled the private prison contractor/operators to breaching the contract and deprive plaintiff of his rights secured therein.

**Defendant Cincotta**, is the General Counsel for the Oklahoma Department of Corrections, responsible for providing legal advise to ODOC employees regarding legal matters which may arise against them.  This defendant's failure to cause awareness of an impending potentially disastorous situation involving the denial of an inmates health care which would also be a breach of contracted by private prison contractor/operators, and thereby effecting a remedy when he had the authority to to do so, enabled the violations as stated herein above and deprived plaintiff of his rights to be provided with adequate health care as stated in the contractual agreement and inflicted cruel and unusual punishment upon plaintiff through this defendant's deliberate indifference to plaintiff's medical needs. (See Ex. A )


**Exhibit 2**

## CONSTITUTIONAL VIOLATION(S)

**United States Constitution, Amendment Eight** provides:

"Excessive bail shall not be required, nor excessive

fines imposed, nor cruel and unusual punishment inflicted."

The **Eighth Amendment** forbids "cruel and unusual punishments. To establish a case of cruel and unusual punishment, plaintiff must establish both an "objective component" the seriousness of the challenged conditions, and a "subjective component" the state of mind of the officials who were responsible for him. See **Farmer v. Brennan**, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); **Wilson v. Seiter**, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991). Conditions so not violate the 8th Amendment unless they amount to "the unnecessary and wanton infliction of pain. **Rhodes v. Chapman**, 452 U.S. at 347; **Wilson v. Seiter**, 501 U.S. at 297. Prisoner's must demonstrate unquestioned and serious deprivations of basic human needs to establish an 8th Amendment violation. Supra.

The United States Supreme Court has listed as basic human needs, "food, clothing, shelter, medical care..." **Helling v. McKinney**, 509 U.S. 25, 32, 113 S.Ct. 2475 (1993). Officials must provide reasonably necessary medical care...which would be available to the prisoner if not incarcerated".) **Langley v. Coughlin**, 888 F.2d 252,254 (2d Cir. 1989); **Newman v. Alabama**, 559 F.2d 283, 291 (5th Cir. 1978); **Bell v. Wolfish**, 441 U.S. 520, 99 S.Ct. 1861 (1979).

Since prisoners cannot obtain their own medical services, the Constitution requires prison authorities to provide them with "reasonably adequate" medical care. **Newman, Langley**, and **Bell**, supra. Courts have defined "adequate medical services as services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent profess-ional standards, and as "a level of health services reasonably designed to meet routine and emergency medical, dental, or psychiatric care. **Tillery v. Owens**, 719 F. Supp. At 1301; accord,

**Exhibit 2**

**Riddle v. Mondragon**, 83 F. 3d 1197, 1203 (10th Cir. 1996); Ramos v. Lamm, 639 F. 2d 559, 574 (10th Cir. 1980).

Plaintiff asserts that the failure of G.E.O Group/Lawton Correctional Facility private prison contractor/operators and Oklahoma Department of Corrections Officials, listed as defendants herein to adhere to prison medical/dental procedures and protocol requiring medical staff to perform an examination promptly, within one working day of receipt of the "Request for Health Services" indicating an urgent condition as per **OP-140124 1.E.7-8**, resulted in excess of a year delay in medical/dental treatment, and failure of ODOC to effect a remedy while possessing the authority to do so, constitutes a denial of plaintiff's right to have medical care provided in the manner as prescribed by the Eighth Amendment to the United States Constitution as set out in **Bell v. Wolfish**, 441 U.S. 520, 99 S.Ct. 1861 (1979) and applicable federal and State Constitutional provisions and laws.

The Supreme Court of the United States has stated that "deliberate indifference" to seriousness medical needs of prisoners constitutes the unnecessary and wanton infliction of pain... proscribed by the Eighth Amendment. **Estelle v. Gamble**, 429 U.S. 97, 104, 97 S.Ct. 285 (1976). The deliberately indifference standard requires a plaintiff to show that the defendants had actual knowledge of an objectively cruel condition, and did not respond reasonably to the risk. **Farmer v. Brennan**, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994); **Johnson v. Mullin**, 422 F.3d 1184, 1187 (10th Cir. 2005).

Following plaintiff's submitted of his 5-09-16, "Request for Health Services", Lawton Correctional Facility and Oklahoma Department of Corrections officials acted with deliberately indifference when they totally disregarded plaintiff's claim (to be suffering from a broken tooth accompanied by pain, swelling and periodic infection) without a single examination or dispensation of any medication(s) for managing such a condition, resulting is excess of a year of medical/dental deprivation which caused a protracted period of pain and suffering, is clearly demonstrative of unnecessary and wanton infliction of pain, thereby constituting deliberate indifference to plaintiff's medical/dental needs in violation of the Eighth Amendment to the United States Constitution and applicable Oklahoma Constitutional provisions and laws.

**Exhibit 2**

## EXHAUSTION OF REMEDIES

Plaintiff has exhausted his available administrative remedies with respect to all claims against all defendants as presented herein. (see attachment exhibits "A" thru "I")

## VIOLATION OF RIGHTS SECURED UNDER THE CONSTITUTION.

The Plaintiff alleges that the following constitutional rights, privileges or immunities have been violated:

1) Right to be free from the imposition of cruel and unusual punishment, as secured under the Eighth Amendment to the United States Constitution and corresponding Oklahoma Constitutional provisions and applicable laws.

2) Right to have medical care, as secured under the Eighth Amendment to the United States Constitution and corresponding Oklahoma Constitutional provisions, applicable laws, and contractual terms.

3) Right to have Due Process of Laws, as secured under the Fourteenth Amendment to the United States Constitution , Article 2 section 7 of the Oklahoma Constitution and applicable laws.

## CLAIMS FOR RELIEF

The actions or inactions of Defendant's **Rios, Thomas, Harless, Doe** (contract monitor), **Doe** (medical monitor), **Doe** (division manager for west institutions),**Allbaugh, et al.**, in failing to adhere to procedural medical protocol, to adhere to monitoring procedures and policies as established by the Oklahoma Department of Corrections, and failure to effect a remedy while being clothed with the authority to do so, constitutes a willfull deprivation of plaintiff's rights, as secured under Federal and State Constitutions and applicable laws.

This Plaintiff has never filed other lawsuits in state or federal court dealing with the same facts involved in this action.

This Plaintiff has never filed a lawsuit in federal court.

This Plaintiff is representing himself, as plaintiff is currently incarcerated in a penal

**Exhibit 2**

institution and is an indigent who cannot afford to hire counsel.

## RELIEF REQUESTED

WHEREFORE, this Plaintiff requests that this Court grant the following relief:

A. Issue a Declaratory judgment stating that:

1. The waiting period in excess of a year for plaintiff to receive medical/dental care and treatment a denial of adequate medical/dental care in violation of the Constitutional provision prohibiting the imposition of cruel and unusual punishment.

2. The non-compliance with medical/dental protocol by prison medical officials constitutes deliberate indifference to the medical needs of a prisoner in violation of the Constitutional provision prohibiting the imposition of cruel and unusual punishment.

3. The failure of prison officials to strictly adhere to private prison/operator monitoring Procedures enabled a breach of contract and deprived plaintiff of his contractual and Constitutional rights to have adequate and reasonable medical care.

4. The failure of prison officials to effect a timely remedy while being clothed with the authority to do so, constitutes deliberate indifference to the medical needs of a prisoner, thereby violating the Federal and State Constitutional provision prohibiting the imposition of cruel and unusual punishment.

B. Award compensatory damages in the following amounts:

1. One-Hundred Thousand Dollars ($100,000.00) against Defendant **Harless**, for failing to strictly adhere to the Medical/Dental protocol requiring the performance of an examination within one working day of receipt of the "request for health service" form indicating an urgent condition, ultimately causing plaintiff to languish and suffer in excess of a year before providing health services.

2. One-Hundred Thousand Dollars ($100,000.00) against Defendant Doe (**Contract Monitor)** for failing to ensure private prison contractor/operators were in compliance with all ODOC Procedures, Oklahoma State Statutes, ACA Standards, Contractual agreement terms, and applicable state and federal laws, with said failure enabling above stated breach of contract, thereby depriving plaintiff of his rights to be provided with adequate and reasonable



# Exhibit 2

medical care.

3. One-Hundred Thousand Dollars ($100,000.00) against Defendant Doe (**Medical Monitor**) for failing to perform the duties as required of that position as stated herein above, with said failure enabling a breach of contract by private prison contractor/operators and thereby, depriving plaintiff of his contractual and constitutional rights to be provided with adequate and reasonable medical care.

4. One-Hundred Thousand Dollars ($100,000.00) against Defendant Doe (**Division Manager of West Institutions**) for failing to enforce and ensure compliance with ODOC policies and procedures, uniform application of Oklahoma Statutes, ACA Standards, and the contractual agreement, through supervision of his subordinate contract monitor assigned to the Lawton Correctional Facility as per OP-030401 et seq.

5. One-Hundred Thousand Dollar ($100,000.00) against Defendant **Cincotta**, for his willfully disregard to the medical needs of an inmate, once he became aware that the problem existed in which a deprivation was impending.

6. One-Hundred Thousand Dollars ($100,000.00) against Defendant **Rios**, for failing to comply with his legal responsibility to provide care for his an inmate under his care, through LCF policies and procedures requiring the medical review authority to submit copies of medical grievances to him for review and record.  Through this method, when defendant Rios received the copy of grievance # 17-545, he failed to investigate the matter in an attempt to remedy and prevent further litigation or injury.

7. One-Hundred Thousand Dollars ($100,000.00) against Defendant **Thomas**, for failing to take prompt action after receiving the grievance #17-545, in which she waited a full nine days before providing a response, a response which upholds the lawless and indifferent actions of defendant Harless, erroneously claiming plaintiff was receiving lawful and appropriate dental/health treatment.

8. One-Hundred Thousand Dollars ($100,000.00) against Defendant **Allbaugh**, for failing to properly train his subordinates to effectively adhere to all policies and procedures enacted to care for and protect the rights of inmates placed in the care of the Oklahoma Department of Corrections.

**Exhibit 2**

C. Award Punitive Damages in the following amounts:

1. Five-Hundred Thousand Dollars ($500,000.00) against defendant **Harless** for failing to provide medical care as prescribed by law or to adhere to the protocol as per procedures thereby resulting in excess of a year of pain and protracted dental complications left completely untreated.

2. Five-Hundred Thousand Dollars ($500,000.00) against defendant **Cincotta**, for failing to take action and cause a remedy in this matter, while possessing the authority to do so, thereby compounding the deprivation and injury resulting therefrom.

D. That this Court may grant such other relief as it may appear that this plaintiff is entitled

   This Plaintiff has never brought any lawsuit in federal or state court within the last

ten (10) years or any time prior thereto.

Plaintiff is representing himself in this action.

_____date

                                    Respectfully submitted,

                                    *Floyd Markham* 3-26-18
                                    FLOYD MARKHAM # 101005
                                    LAWTON CORRECTIONAL FACILITY
NOTARY PUBLIC State of OK           HOUSE 1C 210
   E. M. CLARK                      8607 S.E. FLOWERMOUND RD.
Comm. # 16007643                    LAWTON, OKLAHOMA  73501
Expires 08-05-2020                  PRO SE

Under penalty for perjury as pursuant to 42 U.S.C. 1746, and corresponding Oklahoma Statutory and Constitutional provisions.

Sworn and subscribed before me this 26 day of ___March___, 2018 .

                                    *E. M. Clark*
                                    NOTARY PUBLIC

**Exhibit 2**

## PLAINTIFF'S EXHIBITS SUPPORTING CLAIMS AND EXHAUSTION

"A"- CORRESPONDENCE FROM: OKLAHOMA DISABILITY LAW CENTER, INC.,
DATED 11-22-2016, WITH FAX ADDRESSED TO DAVID CINCOTTA INCLUDED.

"B"- REQUEST FOR HEALTH SERVICES, #588, DATED, 4-17-17.

"C"- REQUEST FOR HEALTH SERVICES, #984, DATED, 5-26-17.

"D"- CORRESPONDENCE: OKLAHOMA DISABILITY LAW CENTER, INC.,
DATED, 6-28-17.

"E"- GRIEVANCE #17-545, DATED, 7-12-17.

"F"- LAWTON CORRECTIONAL FACILITY, NOTICE OF HEALTH SERVICES
SCHEDULED APPOINTMENT, DATED 7-13-17.

"G"- GRIEVANCE DECISION FROM REVIEWING AUTHORITY, GRANTING PARTIAL
RELIEF, RE: GRIEVANCE #17-545

"H"- CLAIM NOTICE TO: RISK MANAGEMENT DEPARTMENT, DATED, 9-18-17.

"I"- CORRESPONDENCE DENYING CLAIM: RISK MANAGEMENT DEPARTMENT
DATED, 10-16-17,      CLAIM #1820021621

# Exhibit 2

**EXHIBIT "A"**

**CORRESPONDENCE FROM:  OKLAHOMA DISABILITY LAW CENTER, INC.,**

**DATED, 11-22-2016, WITH FAX ADDRESSED TO DAVID CINCOTTA INCLUDED.**

# Exhibit 2

# OKLAHOMA DISABILITY LAW CENTER, INC.

2915 CLASSEN BOULEVARD
300 CAMERON BUILDING
OKLAHOMA CITY, OKLAHOMA 73106

PHONE:   (405) 525-7755 V/TDD
             (800) 880-7755 V/TDD
FAX:      (405) 525-7759
http://www.okdlc.org

November 22, 2016

Mr. Floyd Markham
LCF, 1-C-207
8607 S.E. Flowermound Rd.
Lawton, OK 73501

Dear Mr. Markham:

Enclosed is a copy of the fax we sent to the Oklahoma Department of Corrections on your behalf.
We will let you know when we receive a response.

Please let us know if you have any additional questions.

Sincerely,

Joy J. Turner
Attorney at Law

JJT:cs

Enclosure

**Exhibit 2**

**<u>EXHIBIT "B"</u>**


**(REQUEST FOR HEALTH SERVICES, #588, DATED, 4-17-17.)**

**Exhibit 2**

588

**OKLAHOMA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR HEALTH SERVICES**

---

**TO BE COMPLETED BY OFFENDER**          Facility: _L C F_          Date: _4-17-17_

Offender Name _Markham     Floyd_          DOC # _101005_ Unit _1C-207_

I request the following service(s): (Check appropriate box(s))

☐ Medical   ☐ Mental Health   ☑ Dental   ☐ Optometry (eye)   ☐ Medication Renewal
                                                              (expired medications only)

Reason for service: _Tooth-Ache I have a broken molar with_
_a painful periodical abcess that WORSENS with_
_each RECURRENCE. please assist me immedlately or as_
_soon as possible. Thank You in advance._

I understand that in accordance with operations memorandum OP-140117 entitled "Access to
Health Care", I will be charged $4 for each medical service I request and a charge of $4 for each
medication(s) dispensed to me, with the exceptions noted in the above-reference operations
memorandum. There is no charge to the offender for mental health services and/or mental
health medications.

Offender Signature _Floyd Markham_          Date: _4-17-17_

---

**TO BE COMPLETED BY HEALTH SERVICES**

                                        **RECEIVED**          Initials
                                        Date Received          7X
                                        APR 17 2017

Comment: _On list. Can you describe your symptoms and_
_location?_

_Charles, DDS_          _4-17-17_
**Qualified Health Care Professional**          **Date**

---

**NOTE:** All "Keep on Person" (KOP's) medication refill requests must be submitted to the facility's
health services unit or to the medical host facility, using the "Medication Refill Slip" (DOC 140130M).
"Medication Refill Slips" must be submitted within ten days of the date the medication expires or runs
out. "Medication Refill Slips" are readily available and accessible at designated locations within the
facility.

DOC 140117A
(R 10/15)

**Exhibit 2**

Health
Medical Services
Joel Mccurdy MD .
2901 N. Classen Blvd Ste -200
OKLA
          73106

**Exhibit 2**

**EXHIBIT "C"**

**(REQUEST FOR HEALTH SERVICES, #984, DATED, 5-26-17.)**

**Exhibit 2**

## OKLAHOMA DEPARTMENT OF CORRECTIONS
## REQUEST FOR HEALTH SERVICES

TO BE COMPLETED BY OFFENDER    Facility: _L.C.F._    Date: _5-26-17_

Offender Name _FloYD MARKHAM_    DOC # _101005_   Unit _1-C-207_

I request the following service(s): (Check appropriate box(es))

☐ Medical    ☐ Mental Health    ☑ Dental    ☐ Optometry (eye)    ☐ Medication Renewal
                                                                                (expired medications only)

Reason for service: _I have a broken molar with a painful_
_Periodical abcess that worsens with each recurrence._
_Please assist me immediately or as soon as Possible._
_Thank You in advance._

I understand that in accordance with operations memorandum OP-140117 entitled "Access to Health Care", I will be charged $4 for _each_ medical service _I request_ and a charge of $4 for _each_ medication(s) dispensed to me, with the exceptions noted in the above-reference operations memorandum. There is _no charge_ to the offender for mental health services and/or mental health medications.

Offender Signature _Floyd Markham_      Date: _5-26-17_

TO BE COMPLETED BY HEALTH SERVICES

Comment: _Scheduled._

RECEIVED IN
MEDICAL
Date Received
Initials

_Harless DDS_      _5-30-17_
Qualified Health Care Professional      Date

**NOTE:** All "Keep on Person" (KOP's) medication refill requests must be submitted to the facility's health services unit or to the medical host facility, using the "Medication Refill Slip" (DOC 140130M). "Medication Refill Slips" must be submitted within ten days of the date the medication expires or runs out. "Medication Refill Slips" are readily available and accessible at designated locations within the facility.



Exhibit 2

**EXHIBIT "D"**

(CORRESPONDENCE: OKLAHOMA DISABILITY LAW CENTER, INC., DATED ~~5-~~ 6-28-17 ~~-17.~~)

**Exhibit 2**

# OKLAHOMA DISABILITY LAW CENTER, INC.

**2915 CLASSEN BOULEVARD**
**300 CAMERON BUILDING**
**OKLAHOMA CITY, OKLAHOMA 73106**

**PHONE:** (405) 525-7755 V/TDD
           (800) 880-7755 V/TDD
**FAX:**    (405) 525-7759
http://www.okdlc.org

June 28, 2017

Mr. Floyd Markham
DOC# 101005
L.C.F. 1-C-113
8607 S.E. Flowermound Road
Lawton, OK 73501

Dear Mr. Markham:

Earlier, we wrote the Oklahoma Department of Corrections (DOC) about your request for medical care related to your dental care. We did not receive a response from the DOC and have not heard from you whether your issues were resolved as a result of our correspondence with DOC.

We are enclosing a consent form for you to fill out in the event you are still needing assistance related to obtaining appropriate medical care. Please sign it and return it to our office along with an update on any issues you are having regarding lack of dental, medical and/or mental health treatment.

If we do not hear from you, we will assume your issues are resolved and will close your case.

Sincerely,

Joy J. Turner
Attorney at Law

JJT:cs

Enclosures

Exhibit 2

**EXHIBIT "E"**

**(GRIEVANCE # 17-545, DATED 7-12-17)**

**Exhibit 2**

## INMATE/OFFENDER GRIEVANCE

Grievance no. 17-545

Grievance code: 07

Response due: _____

**DO NOT WRITE ABOVE THIS LINE**

Date July 12, 2017                    Facility or District Lawton Correctional Facility

Name Floyd Markham                    Facility Housing Unit 1-C-207
     (Print)
ODOC Number 101005                    Date "Request to Staff" response received: 7-11-11

Have you previously submitted a grievance on this same issue? No___ If yes, what date _N-A___, facility
_N-A___, grievance # N-A___. You must submit this completed original within 15 days of the receipt of the
response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident.
Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may
quote from or make reference to statutes, operations, field, or administrative memoranda, department publications
(time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any
error(s) made in submitting your grievance.

1.   The nature of your complaint.  This statement must be specific as to the complaint, dates, places,
     personnel involved, and how you were affected. One issue or incident per grievance. Use backside of
     this page only, if necessary. (Denial of Health / Dental Care).
     On 5-26-2017, this Grievant submitted a request for health / dental
     services in which Grievant sought dental care due to suffering
     from complications of a broken molar accompanied with periodical
     recurring abcess. It was further stated in said (see other side)

2.   Informal action taken (including dates) to resolve the complaint, as well as the names of those employees
     from whom you sought an answer to your grievance.

     Submitted request for dental care. (5-26-2017)
     Spoke with dentist in hallway.   (6-30-2017)   **RECEIVED**
     Submitted Request to Staff #39.  (7-6-2017)    **JUL 17 2017**

                                                    **GRIEVANCES & APPEALS**

3.   The action you believe the reviewing authority may lawfully take.
     Provide immediate and adequate dental care as per
     policy and law.

Grievance report sent to (warden/district supervisor/correctional health services administrator):
Christina Thomas                    Correctional Health Services Administrator
me. Floyd Markham                   Title    7-12-17
ature of Grievant         RECEIVED IN   Date Sent to Reviewing Authority

                          JUL 21 2017   **RECEIVED**   DOC 090124A (R 7/16)

nal to file                            **JUL 17 2017**
o inmate/offender          MEDICAL     THE IN...  **Exhibit 2**

request, that the abscess be served with every recurrence.

· On 5-30-17, the request for health/dental care was answered, stating, "Scheduled", and signed by E. Harless.

· On 6-30-17, Grievant, by pure chance, spoke with Dr. Deason, the facility dentist, in the hallway, where Dr. Deason performed an oral examination of Grievants mouth and concluded from this observation that it was indeed an urgent matter requiring immediate attention.

· On 7-6-17, after receiving no further attention or care, this Grievant submitted an RTS #39 (see attachment) to E. Harless, stating the above facts and that Grievant has received no medication for pain management or infection treatment. Grievant invoked his right to receive adequate health/dental care as per DP-030123 I.A.6., entitling offender's the right to health and dental care, and thereby requested immediate and adequate care.

· On 7-11-17, E. Harless responded to the above RTS #39, by stating, "Dr. Deason saw you on 6-30-17. You are scheduled. Dental issues are treated per DOC DP-140124"

This Grievant states, that DOC DP-140124 may very well set out the procedure for regulating health/dental care, however, it is OP-030123 I.A.6. that entitles Grievant the right to receive adequate health/dental care that Grievant has yet to receive, as of date.

Please remedy this ongoing matter. Thank you in advance.

**Exhibit 2**

37

**RECEIVED**

JUL 0 6 2017

LCF LAW LIBRARY

**Must Be Submitted Through the Law Library on Designed**
**Inmate/Offender Grievance Process**

**REQUEST TO STAFF**

TO: E. Harless, Health Care Services FACILITY/DIST/UNIT: L.C.F. DATE: 7-6-17
(NAME AND TITLE OF STAFF MEMBER)

I have ____ have not __X__ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: __N-A__ facility: __N-A__ grievance #: __N-A__
I affirm that I do ____ do not __X__ have a grievance pending on this issue.
I affirm that I do ____ do not __X__ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: __N-A__
This request _____ does __X__ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

On 6-30-17, I spoke with the facility dentist in the hallway between House 1 and house 2. I brought to his attention that I'm suffering a serious dental issue requiring immediate attention and care, in which I've previously submitted a request for dental services for (see backside)

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how.

Provide me with immediate dental care as per OP-030123 I.A.6.

NAME: Floyd Markham DOC NUMBER: 101005 UNIT & CELL NUMBER: 1-C-207
(PRINT)
SIGNATURE: Floyd Markham WORK ASSIGNMENT: Medically Un-Assigned

**DO NOT WRITE BELOW THIS LINE**

**DISPOSITION:**

PTI Dr Deason saw you on 6-30-17. You are scheduled. Dental issues are treated per DOC OP-140124.

Harless, DDS                                      7-10-17

**STAFF MEMBER**                                   **DATE**

RECEIVED IN
JUL -6 2017

DELIVERED JUL 1 1 2017

Date response sent to inmate: _____
1. Original to file
2. Copy to inmate/offender

COPY Exhibit 2 (R 9/16)

2/3

on 5-26-17, which was answered by E. Harless on 5-30-17, stating, "Shceduled". The dentist then looked into my mouth and made the determination that I did in fact need immediate dental care. It's been in excess of a month since I submitted my request for dental care wherewith I explained the constant pain and complications I suffer therefrom. I've not had any pain medication or other adequate treatment to help manage this problem. To date, I've not received any dental care. OP-030123 I.A.6.1 entitles me to a right to dental care. Please provide me with immediate and adequate dental care.

**Exhibit 2**

**EXHIBIT "F"**

**( LAWTON CORRECTIONAL FACILITY, NOTICE OF HEALTH SERVICES SCHEDULED APPOINTMENT, DATED, 7-13-17)**

**Exhibit 2**

HEALTH SERVICES APPTS – **HOUSE 7&8 CLINIC**

(07/13/2017)

HOUSE 1C-

FLOYD MARKHAM               9:30 AM

**Exhibit 2**

**EXHIBIT "G"**

**( GRIEVANCE DECISION FROM REVIEWING AUTHORITY, GRANTING PARTIAL RELIEF, FOR GRIEVANCE # 17-545)**

**Exhibit 2**

## Grievance Decision from Reviewing Authority

| Offender Name: | Markham, Floyd | | | DOC Number: | 101005 |
|---|---|---|---|---|---|
| Receipt Date: | 7/21/17 | Grievance Category Code: | 7 | Grievance Number: | 17-545 |

1. Discrimination  3. Complaint against staff   5.Disciplinary process  7.Medical  9.Records/sentence administration r
2. Classification  4. Condition of confinement  6.Legal                8.Property  10. Religion

**Decision:** You have requested the reviewing authority "provide immediate and adequate dental care as per policy and law." As previously advised on Request to Staff dated 7/6/17, you were seen by the dentist 6/30/17 and are scheduled for further treatment. You are being appropriately treated per ODOC Policy OP 140124.

Relief: Partial

_____          7-21-17
Reviewing Authority – Facility Health Services Admin (medical issues)   Date

_____          _____
Review Authority – Facility/District/Unit Head        Date

I have received a copy of the decision of the reviewing authority.

_____          _____
Signature of Grievant                    Date

cb      Montes
_____          7-21-17
Signature of Staff Witness and Printed Name of Witness      Date

You may appeal to the Administrative Review Authority at Department of Corrections, P.O. Box 11400, Oklahoma City, OK 73136-0400 or Chief Medical Officer at 2901 N. Classen Blvd, Suite 200, Oklahoma City, OK  73106, within 15 calendar days of the receipt of response using only DOC Form 060125V entitled "Misconduct/Grievance Appeal To Administrative Review Authority." Do not send this decision to the Administrative Review Authority or Chief Medical Officer.

1. Original to file
2. Copy to offender

DOC 090124B (R 11/14)

**Exhibit 2**

## INMATE/OFFENDER GRIEVANCE

Grievance no. _____

Grievance code: _____

Response due: _____

**DO NOT WRITE ABOVE THIS LINE**

Date __July 12, 2017__        Facility or District __Lawton Correctional Facility__

Name __Floyd Markham__        Facility Housing Unit __1-C-207__
　　　　　　(Print)

ODOC Number __101005__        Date "Request to Staff" response received: __7-11-17__

Have you previously submitted a grievance on this same issue? __No__ If yes, what date __N-A__, facility __N-A__, grievance # __N-A__. You must submit this completed original within **15 days** of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. (Denial of Health / Dental Care).

On 5-26-2017, this Grievant submitted a request for health/dental services in which Grievant sought dental care due to suffering from complications of a broken molar accompanied with periodical recurring abcess. It was further stated in said (see other side)

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.

Submitted request for dental care. (5-26-2017)
Spoke with dentist in hallway.     (6-30-2017)
Submitted Request to Staff #39.   (7-6-2017)

3. The action you believe the reviewing authority may lawfully take.

Provide immediate and adequate dental care as per policy and law.

Grievance report sent to (warden/district supervisor/correctional health services administrator):
__Christina Thomas__　　　__Correctional Health Services Administrator__
Name　　　　　　　　　　　　　Title
__Floyd Markham__　　　　　　__7-12-17__
Signature of Grievant　　　　　　Date Sent to Reviewing Authority

1. Original to file
2. Copy to inmate/offender

**RECEIVED** DOC 090124A (R 7/16)

JUL 17 2017

LRF LAW LIBRARY

**COPY**

Exhibit 2

request, that the abcess worsened with every recurrence.

- On 5-30-17, the request for health/dental care was answered, stating, "Scheduled", and signed by E. Harless.

- On 6-30-17, Grievant, by pure chance, spoke with Dr. Deason, the facility dentist, in the hallway, where Dr. Deason performed an oral examination of Grievants mouth and concluded from this observation that it was indeed an urgent matter requiring immediate attention.

- On 7-6-17, after receiving no further attention or care, this Grievant submitted an RTS #39 (see attachment) to E. Harless, stating the above facts and that Grievant has received no medication for pain management or infection treatment. Grievant invoked his right to receive adequate health/dental care as per DP-030123 I.A.6., entitling offender's the right to health and dental care, and thereby requested immediate and adequate care.

- On 7-11-17, E. Harless responded to the above RTS #39, by stating, "Dr. Deason saw you on 6-30-17. You are scheduled. Dental issues are treated per DOC OP-140124."

This Grievant states, that DOC OP-140124 may very well set out the procedure for regulating health/dental care, however, it is OP-030123 I.A.6., that entitles Grievant the right to receive adequate health/dental care that Grievant has yet to receive, as of date.

Please remedy this ongoing matter. Thank you in advance.

**Exhibit 2**

39.

RECEIVED

JUL 06 2017

LCF LAW LIBRARY

**Must Be Submitted Through the Law Library on Designated Days**
**Inmate/Offender Grievance Process**
**REQUEST TO STAFF**

TO: _E. Harless, Health Care Service_ FACILITY/DIST/UNIT: _L.C.F._ DATE: _7-6-17_
(NAME AND TITLE OF STAFF MEMBER)

I have ____ have not _X_ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: ___N-A___ facility: ___N-A___ grievance #: ___N-A___
I affirm that I do ____ do not _X_ have a grievance pending on this issue.
I affirm that I do ____ do not _X_ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: ___N-A___
This request ____ does _X_ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

On 6-30-17, I spoke with the facility dentist in the hallway between House 1 and house 2. I brought to his attention that I'm suffering a serious dental issue requiring immediate attention and care, in which I've previously submitted a request for dental services for (see backside)

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how.

Provide me with immediate dental care as per OP-030123 I.A.6.

NAME: _Floyd Markham_   DOC NUMBER: _101005_   UNIT & CELL NUMBER: _1-C-207_
(PRINT)
SIGNATURE: _Floyd Markham_   WORK ASSIGNMENT: _Medically Un-Assigned_

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION:

Dr. Deason saw you on 6-30-17. You are scheduled. Dental issues are treated per DOC OP-140124.

_Harless, DDS_                          _7-10-17_

**STAFF MEMBER**                          **DATE**

DELIVERED JUL 11 2017

RECEIVED IN
JUL -6 2017

COPY

Date response sent to inmate: _____
1. Original to file
2. Copy to inmate/offender

Exhibit 2

DOC 030123D (R 9/16)

on 5-26-17, which was answered by E. Harless on 5-30-17, stating: "Shceduled". the dentist then looked into my mouth and made the determination that I did in fact need immediate dental care. It's been in excess of a month since I submitted my request for dental care wherewith I explained the constant Pain and complications I suffer therefrom. I've not had any Pain medication or other adequate treatment to help Manage this Problem. To date, I've not received any dental care. OP-030123 I.A.6.1 entitles me to a right to dental care. Please Provide me with immediate and adequate dental care.

**Exhibit 2**

**EXHIBIT "H"**

**( CLAIM NOTICE, TO: RISK MANAGEMENT DEPARTMENT, DATED, 9-18-17)**

Exhibit 2

Office of Management and Enterprise Services – Risk Management Department
P.O. BOX 53364 – OKLAHOMA CITY, OKLAHOMA  73152
TELEPHONE (405) 521-4999 – FAX (405) 522-4442
CLAIMANT'S REPORT
EACH PERSON MAKING A CLAIM MUST FILE A SEPARATE CLAIM

# BODILY INJURY CLAIM
Type or Print in Ink

| 1820021621  - |
| --- |
| **CLAIM NUMBER** |

| 131-TORT |
| --- |
| **AGENCY NUMBER** |

Under Federal law, Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (MMSEA) (P.L. 110-173) added new mandatory reporting requirements for liability insurance (including self-insurance), no-fault insurance, and Workers' Compensation, which includes coverage available for legitimate claims against the State of Oklahoma.

## SECTION 1 – Claimant Information

Claimant's Name   FLOYD MARKHAM JR.   D.O.C. 101005

Mailing Address   LAWTON CORRECTIONAL FACILITY—8607 S.E. FLOWERMOUND RD.

City   LAWTON            State   OKLA.      Zip Code + 4  73501

Phone Number   ☐ Home ☐ Work   (N/A)   -            Cell  (N/A)   -

Social Security Number   448 -66 - 2342            Date of Birth   7 / 24 / 60

Gender   ☒ Male   ☐ Female      Email Address   N/A

## SECTION 2 – Incident Information

Incident Date  5/2016 - 8/2017      20 17      Time   N/A      ☐ AM ☐ PM

8607 S.E. Flowermound Rd.      Lawton      Ok.      COMMANCHE
                   Address/Highway            City       State        County

Describe Incident/Injury:  (D.O.C.) DEPARTMENT OF CORRECTIONS AND LAWTON CORREC-
TIONAL FACILITY VIOLATED THIS CLAIMANTS RIGHTS BY ACTING INDIFFERENT
TO CLAIMANTS MEDICAL/DENTAL NEEDS, IN VIOLATION OF THE 8th AND 14th
AMENDMENTS TO THE UNITED STATES CONSTITUTION AND CORRESPONDING OKLA-
HOMA CONSTITUTIONAL PROVISIONS.   (SEE ATTACHMENT CONTINUATION PAGE)

*Add sheet for additional comments*

## SECTION 3 – State Agency Involvement
Describe any evidence that will prove the State or a State employee was negligent:

FAX FORWARDED TO D.O.C. FROM THE OKLAHOMA DISIABILITY LAW CENTER
DATED 11-22-2016;

REQUEST FOR HEALTH SERVICES, SUBMITTED ON 4-17-17, #588

REQUEST FOR HEALTH SERVICES, SUBMITTED ON 5-26-17, #984

REQUEST FOR HEALTH SERVICES, SUBMITTED ON 5-2016

GRIEVANCE #17-545

GRIEVANCE DECISION, DATED 7-21-17

PAGE 6 OF 7

DCAM/RISK MGMT – FORM BODILY INJURY CLAIM (07/2013)

**Exhibit 2**

SECTION 2- CONTINUATION ATTACHMENT)

On May 9, 2016, I submitted a request for health services, requesting immediate dental care due to a broken molar accompanied by several aggravating symptoms, as stated.  Affer receiving no response or treatment, I subsequently submitted several additional requests for the same in which all copies thereof were forwarded to the Oklahoma Disability Law Center, Ms. Joy Turner, in an attempt at obtaining assistance in this matter, which, on 11-22-6, the Oklahoma Disability Law Center forwarded a letter to the Oklahoma Department of Corrections regarding this matter.

On 4-17-17, I again submitted a request for dental services regarding the same issue as complained of above, with the response stating, "On list. "Can you describe your symptoms and location."

Then on 5-26-17, I again submitted a Request for dental services regarding the very same issue as complained of above, with the response this time stating, "Scheduled".  After waiting in excess of 45 days following the 5-26-17 response, I initiated and exhausted the administrative remedy process.

On 7-13-17, I was then given an appointment for dental care, and then on -21-17, I received the response/decision to my grievance, granting partial relief.

Claimant, suffered over a year of indifference to his medical needs with Prison officials of the Oklahom Department of Corrections and Lawton Correctional Facility refusing him such.  It is a result of said denial that claimant sustained injury, wherefrom offering an estimated compesation as stated below.

**Exhibit 2**

Office of Management and Enterprise Services – Risk Management Department
P.O. BOX 53364 – OKLAHOMA CITY, OKLAHOMA  73152
TELEPHONE (405) 521-4999 – FAX (405) 522-4442
CLAIMANT'S REPORT
EACH PERSON MAKING A CLAIM MUST FILE A SEPARATE CLAIM

## SECTION 4 – Claimant/Representative Information

1820021621  -

- [X] Self
- [ ] Power of Attorney
- [ ] Family Member
- [ ] Parent
- [ ] Guardian/Conservator
- [ ] Other (explain)
- [ ] Attorney
- [ ] Estate

<u>Representative Info</u> *(complete this area if anything other than Self is checked above)*

| Name | N/A |
| Company Name | N/A |
| Address | |
| City, State, Zip + 4 | |

| ( ) - | - | |
| Phone Number | Federal Identification Number | Email Address |

*Provide documentation to support connection to claimant*

## SECTION 5 – Medical Providers

*Each amount listed below must be supported with documentation.*

| | Amount | Provider Name | Telephone Number |
| --- | --- | --- | --- |
| Ambulance | $ N/A | N/A | ( ) N/A - |
| Emergency Room | $ N/A | | ( ) - |
| ER Doctor | $ N/A | | ( ) - |
| Radiology | $ | SEE PRISON RECORDS | ( ) - |
| Hospital | $ N/A | " | ( ) - |
| Doctor | $ N/A | " | ( ) - |
| Radiology | $ N/A | " | ( ) - |
| PCP | $ N/A | | ( ) - |
| Prescriptions | $ NONE PRESCRIBED | | ( ) - |
| PT/Chiropractic | $ N/A | | ( ) - |
| Medical Supplies | $ NONE | | ( ) - |
| Other | $ DAILY PAIN AND SUFFERING | | ( ) - |
| Other | $ 455,000.00 | | ( ) - |
| Total | $ 455,000.00 | | |

## SECTION 6 - Lost Wages

*Amount of total wages lost, on company letterhead – showing the amount of leave used, with the hourly rate.  Statement must be signed and dated with contact information of signer.*

$ 0

Were you on the job at the time of the incident?  [ ] Yes  [X] No


Exhibit 2

Office of Management and Enterprise Services – Risk Management Department
P.O. BOX 53364 – OKLAHOMA CITY, OKLAHOMA  73152
TELEPHONE (405) 521-4999 – FAX (405) 522-4442
CLAIMANT'S REPORT
EACH PERSON MAKING A CLAIM MUST FILE A SEPARATE CLAIM

## SECTION 7 - Claimant Insurance

1820021621  -

Have you reported this injury to your personal health insurance?  ☐ Yes  ☒ No

Have you filed a claim with your personal health insurance?  ☐ Yes  ☒ No

Insurance Company Name:  N/A

Policy Number  N/A            Policy Deductible  $  N/A

Agent Name  N/A            Phone Number  (    )  N/A  -

Amount received/to be received from your personal health insurance?  $  NONE

Do you have Medicare?  ☐ Yes  ☒ No   Medicare Number  N/A

Do you have Medicaid?  ☐ Yes  ☒ No   Medicaid Number  N/A

*Attach a copy of Insurance cards for each type of insurance coverage*

## SECTION 8 - Claim Documentation Checklist

| | |
|---|---|
| ☒ MMSEA fields completed - DOB, SSN | ☐ Police Report, if applicable |
| ☐ Medical Bills, with contact information | ☐ Photos |
| ☐ Medical Records | ☒ Investigative Reports |
| ☐ Paid Receipts | ☐ HIPAA Release |

*Documentation to support requested compensation must be provided.  Estimates or quotes and/or paid receipts should total the requested compensation amount.*

## Enter amount of compensation required for full settlement of your injury damage.

$  455,000.00

### WARNING
It is a Felony to make or present a false, fictitious or fraudulent claim for payment of public funds.
The State of Oklahoma will prosecute and conviction may result in criminal penalties.
21 O.S. §358-359

*The information in this claim form is true and correct to the best of my knowledge.*

_Floyd Markham_
Signature

OR

_____
Authorized Signer's Signature

_Floyd Markham_
Signers Printed Name

_____
Authorized Signers Printed Name

_9-18-2017_
Date

_____
Title of Authorized Signer

**Exhibit 2**

## OKLAHOMA STANDARD AUTHORIZATION TO USE OR SHARE PROTECTED HEALTH INFORMATION (PHI)

**Patient Name:** FLOYD MARKHAM JR. #101005          Medical Record #:_____

Date of Birth: 7-24-1960          Social Security #: 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

I hereby authorize _____ LAWTON CORRECTIONAL FACILITY-OK. D.O.C.
Name of Person/Organization Disclosing PHI

to release the following information to State of Oklahoma, Risk Mgmt. PO Box 53364 OKC, OK 73152-3364
Name and Address of Person/Organization Receiving PHI

**Information to be shared:**

☐ Psychotherapy Notes (if checking this box, no other boxes may be checked)     ■ Entire Medical Record

☐ Billing Information for_____     ☐ Mental Health Records

☐ Substance Abuse Records  ■ Medical information compiled between_____and_____

■ Other: Current, complete and detailed billing statements

**The information may be disclosed for the following purpose(s) only:**

☐ Insurance   ☐ Continued Treatment   ☐ Legal   ☐ At my or my representative's request

■ Other: Claim Investigation

**I understand that by voluntarily signing this authorization:**

- I authorize the use or disclosure of my PHI as described above for the purpose(s) listed.
- I have the right to withdraw permission for the release of my information.  If I sign this authorization to use or disclose information, I can revoke this authorization at any time.  The revocation must be made in writing to the person/organization disclosing the information and will not affect information that has already been used or disclosed.
- I have the right to receive a copy of this authorization.
- I understand that unless the purpose of this authorization is to determine payment of a claim for benefits, signing this authorization will not affect my eligibility for benefits, treatment, enrollment or payment of claims.
- My medical information may indicate that I have a communicable and/or non-communicable disease which may include, but is not limited to diseases such as hepatitis, syphilis, gonorrhea or HIV or AIDS and/or may indicate that I have or have been treated for psychological or psychiatric conditions or substance abuse.
- I understand I may change this authorization at any time by writing to the person/organization disclosing my PHI.
- I understand I cannot restrict information that may have already been shared based on this authorization.
- Information used or disclosed pursuant to the authorization may be subject to redisclosure by the recipient and no longer be protected by the Privacy Regulation.

Unless revoked or otherwise indicated, this authorization's automatic expiration date will be one year from the date of my signature or upon the occurrence of the following event: CASE SETTLEMENT IN THIS MATTER

_Floyd Markham_                    9-18-2017
Signature of Patient or Legal Representative          Date

_____          _____
Description of Legal Representative's Authority          Expiration date (if longer than one year from date of signature or no event is indicated)

# Exhibit 2

**EXHIBIT "I"**

**CORRESPONDENCE DENYING CLAIM: FROM: RISK MANAGEMENT DEPARTMENT DATED, 10-16-17, AGAINST CLAIM # 1820021621)**

# Exhibit 2



STATE OF OKLAHOMA
OFFICE OF MANAGEMENT
RISK MANAGEMENT
P.O. BOX 53364
OKLAHOMA CITY, OK 73152-3364

OFFICE OF MANAGEMENT & ENTERPRISE SERVICES

lc 210

Floyd D. Markham Jr. DOC# 101005
Lawton Correctional Facility
8607 SE Flower Mound Rd.
Lawton, OK 73501-9765

CERTIFIED MAIL

7016 2140 0000 3404 3070

USPS
OCT 18 2017

POSTAGE $006.56°

ZIP 73111
041L12202768

**Exhibit 2**

**Dan Ross**
Administrator
Capital Assets Management

**OMES**
OFFICE OF MANAGEMENT
& ENTERPRISE SERVICES

**Preston L. Doerflinger**
Director
Secretary of Finance, Administration
and Information Technology

October 16, 2017

Floyd D. Markham Jr. DOC# 101005
Lawton Correctional Facility
8607 SE Flower Mound Rd.
Lawton, OK 73501-9765

RE:      Tort Claim of:       Floyd D. Markham
Risk Management No:        1820021621
Certified Mail Number:       7016 2140 0000 3484 3070

Dear Mr. Markham:

The Office of the Oklahoma Attorney General has completed the process of evaluating the above-referenced tort claim. After careful consideration of the facts, your claim is hereby denied. The basis for the denial of your claim includes, but is not limited to: 51 O. S. § 155 (18) (25).

The state or a political subdivision shall not be liable if a loss or claim results from:

18. An act or omission of an independent contractor or consultant or his or her employees, agents, subcontractors or suppliers or of a person other than an employee of the state or political subdivision at the time the act or omission occurred.

25. Provision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from the parole or escape of a prisoner or injuries by a prisoner to any other prisoner; provided, however, this provision shall not apply to claims from individuals not in the custody of the Department of Corrections based on accidents involving motor vehicles owned or operated by the Department of Corrections.

Further, a determination has been made that the State of Oklahoma was not negligent in this matter

Your claim was denied as of October 16, 2017. No action for any cause arising under the Act shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim. Please be advised that this letter does not extend the statutory time limits prescribed by the Governmental Tort Claims Act.

You have the right, under Oklahoma law, to differ with the decision to deny your tort claim. The right to seek compensation by suit in District Court may be restricted by the limitations period prescribed by law.

Sincerely;

*Risk Management*

Oklahoma Risk Management Department
Office of Management and Enterprise Services

**Exhibit 2**