# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FLOYD MARKHAM, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-18-1247-G |
| HECTOR RIOS, JR., et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 12) issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se, brought this action under 42 U.S.C. § 1983, alleging civil rights violations and violations of state law.

On December 27, 2018, Defendants Joe Allbaugh and David Cincotta filed a Motion to Dismiss for Failure to State a Claim (Doc. No. 5). Plaintiff filed a response (Doc. No. 10), and Defendants filed a reply (Doc. No. 11). After considering the briefs, Judge Mitchell entered a Report and Recommendation concluding that motion should be granted. *See* R. & R. (Doc. No. 12) at 1. Specifically, Judge Mitchell held that: (1) Defendant Allbaugh is entitled to Eleventh Amendment immunity on Plaintiff's official-capacity claims against him; (2) Defendants Allbaugh and Cincotta are entitled to qualified immunity on Plaintiff's individual-capacity claims against them; and (3) Plaintiff's claims under the Oklahoma Government Tort Claims Act ("GTCA") are statutorily time barred. *Id.* at 6-18.

Plaintiff has objected to the Report and Recommendation. *See* Pl.'s Obj. to R. & R. (Doc. No. 19.) Plaintiff's objection triggers de novo review by this Court of those portions of the Report and Recommendation to which objection is made. *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Issues or claims raised for the first time, however, are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

I. *Official-Capacity Claims Against Defendant Allbaugh*

Judge Mitchell determined that Defendant Allbaugh is entitled to Eleventh Amendment immunity on Plaintiff's official-capacity claims against him. *See* R. & R. at 6-9. Judge Mitchell correctly concluded that the claims are "construed as claims against the State" and, as such, are "barred by the Eleventh Amendment." *Id.* at 6. She further concluded that the claims did not fit within any exception to the Eleventh Amendment immunity bar, noting that: (1) "Oklahoma has not consented to be sued in federal court"; (2) Congress has not "abrogate[d] state sovereign immunity by creating a private right of action under § 1983"; and (3) Plaintiff does not seek prospective relief for "an ongoing violation of federal law" insofar as he alleges past injuries and seeks retrospective declaratory relief. *Id.* at 6-9.

In his Objection, Plaintiff argues that he is entitled to "declaratory relief as set out in the complaint, declaring the complained of acts to be deprivations prohibited by the United State[s] Constitution, in order to prevent future violation of the same." Pl.'s Obj. to R. & R. at 6. Plaintiff's attempt to characterize his requested relief as prospective in nature is misguided. A plaintiff's request for declaratory relief is treated as retrospective

where, as here, it "'relate[s] solely to past violations of federal law.'" *McCrary v. Jones*, No. CIV-13-573-M, 2015 WL 873641, at *4 (W.D. Okla. Feb. 27, 2015) (citing *Green v. Mansour*, 474 U.S. 64, 67 (1985)); *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004); *see also Winsness v. Yocom*, 433 F.3d 727, 735 (10th Cir. 2006) ("[W]e treat declaratory relief as retrospective . . . to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred." (internal quotation marks omitted)). That Plaintiff's requested relief may be intended "to prevent future violation[s]" does not render it prospective. Pl.'s Obj. to R. & R. at 6. At any rate, Judge Mitchell correctly concluded that Plaintiff has not alleged an <u>ongoing</u> violation of law—a conclusion that Plaintiff does not challenge.

Accordingly, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's official-capacity claims.

II. *Individual-Capacity Claims Against Defendants Allbaugh and Cincotta*

Judge Mitchell determined that Defendants Allbaugh and Cincotta are entitled to qualified immunity on Plaintiff's claims against them. *See* R. & R. at 9-17. To defeat a defense of qualified immunity, a plaintiff must show that: (1) the defendant violated a statutory or constitutional right; and (2) the right was "clearly established" at the time of the challenged conduct. *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019). Judge Mitchell concluded that, with respect to Defendant Allbaugh, Plaintiff failed to satisfy the first prong of the analysis and, with respect to Defendant Cincotta, Plaintiff failed to satisfy the second prong of the analysis.

3

A.      Defendant Allbaugh

Judge Mitchell determined that Plaintiff has not, as he must, "allege[d] facts showing that [Defendant Allbaugh], either through his personal participation in [Plaintiff's] treatment or the promulgation of a policy" violated a federal statutory or constitutional right. R. & R. at 10 (citing *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotation marks omitted)).

In his Objection, Plaintiff asserts that Defendant Allbaugh failed to "strictly adhere to his own policies" and "ensure strict compliance" with those policies by his subordinates. Pl.'s Obj. to R. & R. at 4. Section 1983, however, only governs alleged violations of "federally-conferred rights." *Jones v. Norton*, 809 F.3d 564, 577 (10th Cir. 2015). Defendant Allbaugh's alleged violation of ODOC policies cannot sustain a claim for relief under § 1983. *See Walker v. Wilkerson*, 310 Fed. App'x 284, 285 n.1 (10th Cir. 2009); *Koch v. Carlisle*, No. CIV-15-811-HE, 2017 WL 7175960, at *4 (W.D. Okla. Dec. 4, 2017), *report and recommendation adopted,* No. CIV-15-811-HE, 2018 WL 632033 (W.D. Okla. Jan. 30, 2018).

B.      Defendant Cincotta

With respect to Defendant Cincotta, Judge Mitchell concluded that Plaintiff failed to show a violation of "clearly established law," as he did not "identify a case where an official acting under similar circumstances . . . was held to have violated the Constitution." R. & R. at 16. In reaching this conclusion, Judge Mitchell correctly observed that "clearly established law" should not be "define[d] . . . at a high level of generality," and that "the dispositive question is 'whether the violative nature of particular conduct is clearly

4

established.'" *Id.* at 12 (citing *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citation and internal quotation marks omitted)).

In his Objection, Plaintiff argues that he had a clearly established right "to be provided with adequate health care." Pl.'s Obj. to R. & R. at 3. This argument is patently insufficient to defeat a qualified immunity defense because it defines the operative law "at a high level of generality" in direct violation of the Supreme Court's directive that courts focus on the "violative nature of [the] particular conduct" at issue. *Mullenix*, 136 S. Ct. at 308 (2015) (citation and internal quotation marks omitted).

For these reasons, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's individual-capacity claims against Defendants Allbaugh and Cincotta on grounds of qualified immunity.

## III. *Claims Asserted Under the GTCA*

Judge Mitchell correctly determined that Plaintiff's GTCA claims are statutorily time barred. *See* R. & R. at 17-18. Specifically, Plaintiff did not file his lawsuit within 180 days after denial of his administrative claim, as required by Okla. Stat. tit. 51 § 157(B). Plaintiff does not challenge this determination in his Objection. Therefore, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's GTCA claims.

It is therefore ORDERED that the Report and Recommendation (Doc. No. 12) is ADOPTED, and Plaintiff's claims against Defendants Joe Allbaugh and David Cincotta, as well as his claims asserted under the Oklahoma Government Tort Claims Act are DISMISSED.

5

IT IS SO ORDERED this 27th day of August, 2019.

_Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge