UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FLOYD MARKHAM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-1247-G |
| | ) |
| HECTOR RIOS, JR., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 14) issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se, brought this action under 42 U.S.C. § 1983, alleging civil rights violations and violations of state law.

On screening, Judge Mitchell has recommended partial dismissal of Plaintiff's claims for failure to state a claim upon which relief can be granted. *See* R. & R. at 1-2; 28 U.S.C. § 1915A(b)(1). Plaintiff has objected to the R&R. *See* Pl.'s Obj. to R. & R. (Doc. No. 21).[1] Plaintiff's objection triggers de novo review by this Court of those portions of the Report and Recommendation to which objection is made. *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ.

---

[1] Objections to the R&R were due April 25, 2019. *See* Order Granting Motion for Extension of Time (Doc. No. 18), at 1. Subsequent to this deadline, Plaintiff requested additional time to object (Doc. No. 20). Finding that good cause and excusable neglect have been shown, *see* Fed. R. Civ. P. 6(b)(1)(B), the Court GRANTS Plaintiff's request for extension (Doc. No. 20) and accepts Plaintiff's Objection (Doc. No. 21) as timely filed.

P. 72(b)(3). Issues or claims raised for the first time, however, are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

I. *Eighth Amendment Claim*

Judge Mitchell recommends dismissal of Plaintiff's Eighth Amendment claim against the Doe Defendants,[2] Defendant Thomas, and Defendant Rios.

    A.    <u>Doe Defendants</u>

With respect to the Doe Defendants, Judge Mitchell determined that Plaintiff failed to plead facts demonstrating knowledge of and disregard for "an excessive risk to inmate health or safety." R. & R. at 7-8 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Specifically, she noted that Plaintiff did not allege any facts suggesting "that the Doe Defendants were aware of Plaintiff's dental condition at all." *Id.* at 9.

In his Objection, Plaintiff rehashes his allegations that the Doe Defendants failed to perform the duties required of them by the applicable prison regulations. *See* Pl.'s Obj. to R. & R. at 4-5. But these allegations, as Judge Mitchell correctly observed, do not suggest that the Doe Defendants "knew of and disregarded an excessive risk to Plaintiff's health or safety," and Plaintiff has not demonstrated otherwise. R. & R. at 8-9. Accordingly, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's Eighth Amendment claim against the Doe Defendants.

---

[2] The term "Doe Defendants," as used in this order, refers to three unnamed persons: (1) Defendant Doe (Contract Monitor); (2) Defendant Doe (Medical Monitor); and (3) Defendant Doe (Division Manager for West Institutions).

B. Defendant Thomas

Judge Mitchell determined that Plaintiff failed to state an Eighth Amendment claim against Defendant Thomas because the sole allegation against her—i.e., that she "provid[ed] an unfavorable response to a grievance"—does not establish her personal participation in the alleged constitutional violation. R. & R. at 9.

In his Objection, Plaintiff complains that Defendant Thomas "failed to conduct an independent investigation" regarding the adequacy of Plaintiff's dental treatment. Pl.'s Obj. to R. & R. at 6. Plaintiff's failure-to-investigate theory is not mentioned in the complaint, and the Court will not consider it for the first time in Plaintiff's Objection. At any rate, Plaintiff has not shown that Defendant Thomas was constitutionally obliged to further investigate his treatment or that her failure to investigate rose to the level of deliberate indifference. *See Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) ("failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim"). Therefore, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's Eighth Amendment claim against Defendant Thomas.

C. Defendant Rios

Judge Mitchell concluded that Plaintiff failed to state an Eighth Amendment claim against Defendant Rios because the allegations against him—i.e., that he failed to "cause[] an investigation" in response to Plaintiff's grievance and that he failed to ensure his

3

subordinates' "compli[ance] with DOC and LCF policies and law"—do not demonstrate his personal participation in the alleged constitutional violation. R. & R. at 10.

In his Objection, Plaintiff asserts that Defendant Rios' "failure to strictly adhere to regulations . . . enabled [his subordinates] to continue their deliberate indifference." Pl.'s Obj. to R. & R. at 5. But this statement, like the allegations in Plaintiff's complaint, does not supply the requisite "affirmative link" between the alleged constitutional violation and Defendant Rios' "personal participation . . . exercise of control or direction, or . . . failure to supervise." *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To the extent Plaintiff attempts to base liability on Defendant Rios' alleged departure from prison regulations, that attempt must fail, as "§ 1983 provides a cause of action only for violations of *federal* law." *Walker v. Wilkerson*, 310 Fed. App'x 284, 285 n.1 (10th Cir. 2009) (emphasis in original); *see also Koch v. Carlisle*, No. CIV-15-811-HE, 2017 WL 7175960, at *4 (W.D. Okla. Dec. 4, 2017), *report and recommendation adopted,* No. CIV-15-811-HE, 2018 WL 632033 (W.D. Okla. Jan. 30, 2018) ("Plaintiff cannot successfully claim relief under Section 1983 for the Defendants' alleged violation of prison policies"). Consequently, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's Eighth Amendment claim against Defendant Rios.

II.     State Constitutional Claims

Judge Mitchell determined, based on recent statements by the Oklahoma Supreme Court, that no private cause of action exists under Sections 7 or 9 of Article 2 of the Oklahoma Constitution. *See* R. & R. at 11, 13. Because Plaintiff does not challenge this

determination, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's state constitutional claims.

### III. Due Process Claims

Judge Mitchell liberally construed Plaintiff's complaint as asserting a due-process claim based on the lapse of time between the filing of Plaintiff's administrative grievance and the response provided by Defendant Thomas. *See* R. & R. at 12. Plaintiff does not challenge the characterization of his claim or the recommendation that it be dismissed. Accordingly, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's due-process claim.

### IV. State Law Contract Claim

Judge Mitchell concluded that Plaintiff's state law contract claim is barred by Okla. Stat. tit. 57, § 566.4(B)(1), which states in relevant part: "Neither the state, any of its agencies or boards, the Department of Corrections, any county jail, city jail, private correctional company, nor their members, agents, servants or employees shall be liable for any form of civil claim or action alleged to have arisen from any theory of contract law." *See* R. & R. at 13.

Because Plaintiff does not challenge this conclusion,[3] the Court adopts Judge Mitchell's recommendation to dismiss his state law contract claim.

---

[3] While Plaintiff maintains that "Defendant Harless breached the contract between ODOC and [p]rivate prison vendors," he offers no response to Judge Mitchell's conclusion that his contract claim is statutorily barred. Pl.'s Obj. to R. & R. at 6.

5

V. *GTCA Claim Against Doe Defendants*

Judge Mitchell correctly concluded that Okla. Stat. tit. 51 § 152.1(A) bars Plaintiff's GTCA claim against the Doe Defendants, who are alleged to be state employees acting under the color of state law. *See* R. & R. at 13-14.

In his Objection, Plaintiff argues that: (1) "Title 51 O.S. § 153 et seq. [p]rovides no immunity for state employees acting under color of state law"; and (2) "any conflict arising between state and federal law, renders state law null, with no effect." Pl.'s Obj. to R. & R. at 7. Plaintiff's first argument has no merit, as it is contrary to the plain language of the statute. *See* Okla. Stat. tit. 51 § 152.1(A) ("The state, its political subdivisions, and all of their employees acting within the scope of their employment . . . shall be immune from liability for torts"). Plaintiff's second argument fails because Plaintiff has not identified a conflict between the GTCA and any federal law. Therefore, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's GTCA claims against the Doe Defendants.

It is therefore ORDERED that the Report and Recommendation (Doc. No. 14) is ADOPTED. The following claims are DISMISSED without prejudice:

1. All claims against the Doe Defendants;

2. All claims against Defendants Thomas and Rios except Plaintiff's state law medical negligence claim; and

3. All claims against Defendant Harless except Plaintiff's Eighth Amendment and state law medical negligence claims.

IT IS SO ORDERED this 27th day of August, 2019.

CHARLES B. GOODWIN
United States District Judge